```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  PAUL MARTINKA,                                            :
                                                            :
                          Plaintiff,                        :
                                                            :
         - against -                                        :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
  DIGITAL ONE MEDIA LTD,                                    :
                                                            :   25-cv-307 (BMC)
                          Defendant.                        :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff alleges that defendant reproduced his photograph without authorization in violation of the Copyright Act. Before me is plaintiff's motion for a default judgment. The motion is granted to the extent set forth below.

## BACKGROUND

According to the complaint, the allegations of which relating to liability are deemed true for purposes of this motion, see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155 (2d Cir. 1992), plaintiff is an award-winning photojournalist whose copyrighted work has been featured in many prominent publications. The work at issue here is a photograph of New York City Mayor Eric Adams, and plaintiff applied substantial creative input in determining how to capture his subject. The United States Copyright Office granted registration effective October 21, 2022.

Defendant owns and operates a website at www.ajkalnewyork.com (the "Website") and is responsible for its content. The Website is a part of and is used in furtherance of defendant's commercial enterprise. Defendant frequently uses stolen pictures and videos to attract viewers to its Website. Defendant ran plaintiff's copyrighted photograph of Mayor Adams at least on

February 26, 2022. The images on the Website were directly copied from plaintiff's copyrighted work. Defendant did not obtain a license or other permission to feature the photograph on its Website, and has received a financial benefit through increased traffic to its Website and resultant increased revenues.

Plaintiff, via counsel, wrote to defendant in October 2023, and again in January 2024, advising Defendant of its unlawful use of the photograph and demanding that defendant remove the photograph from its Website. Defendant did not respond to the pre-litigation communications, but it has apparently disabled the infringing displays on its Website. Plaintiff commenced this action on January 17, 2025.

The Court *sua sponte* extended defendant's time to answer the complaint, a copy of which Order plaintiff served on defendant, but defendant neither answered nor appeared. The docket reflecting proper service, the Clerk entered defendant's default under Federal Rule of Civil Procedure 55(a) on April 21, 2025.

## DISCUSSION

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). A court may conduct hearings to determine the amount of damages, but an inquest by paper record – rather than an in-person court hearing – is appropriate when determining statutory damages. Rolex Watch U.S.A., Inc. v. Brown, 01-cv-9155, 2002 WL 1226863, at *2 (S.D.N.Y. June 5, 2002). There is no need for a hearing here, where plaintiff is only seeking statutory damages.

Under the Copyright Act, courts are given broad discretion to award statutory damages within the range of $750 to $30,000 for copyright infringement. 17 U.S.C. § 504(c)(1). In

determining the appropriate award, this Court may consider factors that include the deterrent effect of the award, the revenues lost by plaintiff, and factors relating to defendant's culpability. Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110 (2d Cir. 1986).

When defendant is "in a position to repeat the unauthorized reproduction of copyrighted material, there is deterrent value in assessing damages against defendants." Van Der Zee v. Greenidge, 03-cv-8659, 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006).  Even if "plaintiff does not seek a willfulness enhancement, it is appropriate for the court to consider the inference of willfulness based on defendants' default in determining the amount of damages within the statutory award range."  Tokar v. 8 Whispering Fields Associates, Ltd., 08-cv-4573, 2011 WL 7445062, at *2 (E.D.N.Y. Dec. 13, 2011).

Here, plaintiff seeks a modest award of statutory damages in the amount of $6,100.  Even though defendant has removed the offending photograph from its Website, there is no guarantee that it will not just put it back up at any time, especially given that we are in the middle of an election cycle in which Mayor Adams is a candidate.  In light of defendant's willfulness in not responding to plaintiff's pre-litigation letters, the complaint, or the motion for default judgment, the award sought is reasonable, as it will accomplish both compensation to plaintiff and deter defendant from future infringement.

In addition, plaintiff seeks recovery of $3,558.50 in attorneys' fees plus $567.55 in costs, the costs comprising the filing fee and service of process fees. The rates charged by the two highly qualified lawyers ($850 per hour and $600 per hour) are excessive when measured against the rates in this district for such a simple case and, although the amount of time spent is reasonable, I am reducing the claim for attorneys' fees to $2700.  See BWP Media USA, Inc. v. Mishka NYC LLC, 13-cv-4435, 2016 WL 8309676 (E.D.N.Y. Dec. 28, 2016).

**CONCLUSION**

The motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $9,367.55.

**SO ORDERED.**

*Brian M. Cogan*<br>U.S.D.J.

Dated: Brooklyn, New York
       July 31, 2025